Mr. LaScarra, please proceed when you're ready. Thank you, Your Honor, if it may please the court, my name is Bill LaScarra, and I'll take this off because you may not be able to hear me. I represent JKB Solutions in this appeal, and I want to address what I believe is a applicable termination for convenience clause in this contract. In the trial court below, a summary judgment was issued based upon the fact that there was a termination for convenience clause included in the contract, but it related not to... Well, tell me, I'm sorry, didn't the contract incorporate FAR 52.212-4, and I'll admit to not knowing what all of those numbers always correspond to, but the argument has been made that that is the relevant termination for convenience language. It did include that clause, but there are numerous reasons why that is not the appropriate clause. And is it because your argument is that that clause is limited to commercial contracts? Is that why? To commercial items, Your Honor, and this obviously is a services contract involved the teaching of government employees how to perform government contracting under government regulations. Is there anything in the language of the regulation or the text that you rely on? I mean, I know you rely on the header, and that's a good point. It says commercial items, but is there anything in the text of that FAR provision that would support your position? The provision itself does refer to commercial items in several places within the text, but before I get there, Your Honor, I would like to point out that, and we do address this in our brief, particularly and straight to the point, under 52.212-4, before the clause is set forth in the Federal Acquisition Regulations, the Federal Acquisition Regulations say, as prescribed in 12.301b.3, insert the following clause. So if you go to 12.301, it is entitled Solicitation Provisions and Contract Clauses for the Acquisition of Commercial Items. Paragraph A says, in accordance with 41 U.S.C. 3307, contracts for the acquisition of commercial items shall, to the maximum extent practical, include only those clauses, one, required to implement provisions of law or executive orders applicable to the acquisition of commercial items, or two, determined to be consistent with customary commercial practice. Paragraph B then says, so we're at 12.301b, insert the following provisions in solicitations for the acquisition of commercial items and clauses in the solicitations and contracts for acquisition of commercial items. So it's your position that there's nothing in FAR anywhere that would allow for a termination for convenience clause in a services contract? Your Honor, there has not been one identified on our side, and the government has not identified one. Okay, so you're saying that basically services contracts, there's never a termination for convenience? Well, Your Honor, I think that under this circumstance where it is a services contract that was an IDIQ contract, there has not been identified a provision that would allow that, and that is required in order to terminate for convenience. So it is a threshold issue. The briefs have been sent in, we don't see any indication, and the court below found simply that because there was this 52.214-4, then even though it had been two years after the performance of the contract, that it could still be retroactively terminated constructively for convenience. So is it your position that basically the incorporation of this FAR provision into the contract was essentially meaningless? Well, Your Honor, it did not apply. It has meaning in an appropriate circumstance, but it didn't apply to this contract because So why then at the time that you entered into this contract, why didn't you object to that language and say you can't put a termination for convenience clause in this contract because it doesn't apply? Your Honor, that did not occur. I acknowledge that it did not occur, but if it wasn't applicable, there's nothing really to object to because it doesn't apply, and I don't know that my client, you know, I cannot honestly state to Your Honors that my client knew it was there, understood that it applied only to commercial items and ignored it because it wasn't relevant, but the short answer is it doesn't apply, and so there's nothing to object to because it just doesn't apply. And what we believe we have here is in essence the court, long after all of this occurred, is retroactively terminating it based upon a rewriting of the contract because there isn't a clause there that allows it. All right, let me understand what you're arguing and what you're not arguing. So if we were to find that despite the linguistic hooks that you are pointing out, that it still can be incorporated into this contract, you're not disputing that there is such a thing as a constructive termination for convenience, are you? No, we are not arguing that, but there has to be a clause that permits it, and our position is that this one doesn't, and there isn't one that does. Well, the government agrees that it had an obligation and that their excuse now purportedly retroactively, that's a separate question, but they do agree that they terminated each year's contract, let's say prematurely, for their convenience, and they make quite a point out of the fact that you, your client, has never submitted a claim for costs, for compensation in accordance with the rules of termination for convenience. Of course, they leave the impression that those costs were not necessarily added up to very much. There may or may not have been a debate about lost profits, but they do stress that there has been no monetary claim. Is that an accurate reading of their position and where things stand? That is correct. There has not been a monetary claim under the belated termination for convenience, constructive termination for convenience. That would not include, and our claim is breach of contract, our lost profits, and that is the reason we brought the claim, because the facts of the case are that in each of the services contract under task orders that were, it's an IDIQ contract, but under task orders for each of the three years, they ordered the entire amount, lot, the 14 courses, but they only used eight, some years 11, and other years different numbers, and we claim that we had to stand ready, willing, and able to perform that work, and that it was not properly terminated. We billed for it, and it should have been paid. Our damages are lost profits, and so the reason we didn't present any claim is that we don't believe that there is a proper termination for convenience, and we had sued on what we do believe we're entitled to, and that is the lost profits for their failure. In essence, they retroactively terminated them because they decided during the course of events, they would substitute their own teachers, save money, but they knew they could do that before they awarded us the 14 courses in each of the three years, and so we do believe that there is a bad faith element to this, that it was done knowing that before they awarded the 14 lot of teaching assignments to us, they could have just assigned them directly to their own people and not ordered under the task orders, but instead of doing that, they awarded to us, they gave us the expectation that we needed to gear up for and teach 14, and then they never scheduled them. Can I ask you to turn to page 111 of the appendix? I just want to make sure I understand what I'm looking at. I want to walk through this document with you. What is this on page 111 of the appendix? I think it's your contract with the government, or at least is it their solicitation? What exactly is this document, 111? So what exactly is this? I believe that... It's a solicitation contract. Yes. Is this the contract between you and them, or is this your company and them, or is this not the contract? I'm just trying to understand. Your Honor, I believe this is the contract. I think it is, too. At least that's what I was able to find, I think. So this is the contract between you, and what was the contract for? It was for, am I understanding, teaching services? Training services? What exactly was the goods or services that this contract was awarded for? Yes, if you turn to page 114 of training instructor services and ordering period, it was to teach. Right. So what I'm trying to get at is if you look at the top of the contract on 111, it lists itself as a solicitation contract order for commercial items. You've made a distinction between items on the one hand and services on the other. That's how you're differentiating the inapplicability. That's one of your arguments for why the termination of convenience that mentions commercial items shouldn't apply to you. But the title of this contract is in order for commercial items, even though the description of what will be supplied as part of the services. There are many inconsistencies, Your Honor, in this contract. Yes, but then when you go down, you know, I've seen a lot of government contracts in the past, and they don't always look like this. Quite frankly, they have a lot of different forms to them. But when you look at the, there are only two FAR provisions incorporated by reference in this contract. And I say that with some surprise, because sometimes I see government contracts that list like 100 FAR provisions that are incorporated by reference, right? So I feel like every reasonable person would sort of scratch their head and say, I have no idea what I just agreed to, but man, I agree to a lot. You know, they're all incorporated by reference. But this contract on its face on page 111 includes only two FAR provisions, one of which, 52.212-4, you're saying is inapplicable because it applies only to commercial items. Let me just point out to you that that FAR provision that you're saying is inapplicable is far more extensive than just termination for convenience. It includes limitations of liability clauses. It includes warranties. It also is the only place that includes the termination for cost provision. So if you're saying this FAR provision is superfluous and completely inapplicable to this contract, then theoretically you're saying all of the provisions of this FAR provision are inapplicable to this contract, which includes the warranties, the terminations for cause, everything. If you're saying ours is a service contract, this FAR provision was written only for goods, so it can never apply, man, you just wiped out an awful lot of pretty standard things like warranties that are included in government contracts. That feels wrong to me. Your Honor, I understand your point. I would say, and we addressed this on page 10 of our memo, that commercial items has nothing to do with the services that we were contracted to perform. Is this contract applying to both items and services, such that maybe this FAR provision applied only to your provision, the portion of this contract in which you were providing goods as opposed to services, or was this 100% a service contract? This is services. We taught government employees that were working to procure goods on behalf of the government. I hear you, but do you see my problem? My problem is, if I limit this FAR provision to commercial items, which, by the way, the contract that you signed said it was a commercial items contract, not you, of course, but your client. Yes, Your Honor. They signed a contract which was titled Order for Commercial Items, even though the entire contract specifies nothing but services. I would point out to Your Honor, and I will try to more fully address your question, but if you go to 136, appendix, page 136, this is a continuation sheet on page 25 of 33, there were many other contract FAR provisions included. Oh, here we go. Yeah, this is the kind of thing I'm used to, like the laundry list of things, because the incorporates those two FAR provisions in 27D. Yes, Your Honor, and 137 is the same, 138, 139. You keep going for a good number of pages, all the way through page 33 of 33. I think we're at 143. My point is, Your Honor, there's no way this can be a commercial items contract. Even though your client signed a contract that was titled commercial items contract? Yes, Your Honor, and so did the government. Right, yeah, because they thought all these FAR provisions limited to commercial items applied to this contract. But I think that, I don't think anyone could believe that a commercial items provision could apply to services that are to the government to train government employees to procure government goods. Because none of those meet the definition of a commercial item. They are definitely services, and that's what the contract was about. I know, but my problem is, look, I think you're making an excellent argument. I do. But my problem is, your client signed a contract titled commercial items contract, which incorporated a FAR provision dealing with applicability of various terminations and warranties to commercial items. I'm not sure it's fair to say your client was legitimately confused about the government's intent to import this FAR provision into this contract since the title of the contract, you know, and your client signed it. I get your argument. It's a good one. But we should hear from the government. Okay, Your Honor. Thank you. Thank you. May it please the Court. The trial court correctly granted summary judgment to the United States after finding constructive termination for convenience of the United States' three task orders with JKB. Will you speak up a little, please? Certainly, Your Honor. The trial court correctly found there was no genuine issue of material fact. JKB did not need its burden to provide evidence of such a dispute as to a material fact, and cannot do so here by raising arguments never made before the trial court. JKB entered into a contract that included FAR . . . Are you saying that they didn't argue before the trial court that this termination for convenience clause didn't apply to it? They did argue that it was irrelevant and inapplicable, but at no point did JKB explain why that meant that it should be excised from the contract that they had signed. And we demonstrated that JKB is bound by the terms of the contract that it signed. But why are there so many provisions in the FAR talking about terminations for convenience, some with respect to items, others with respect to services, if your view that you can incorporate a termination of convenience into any contract is correct? The FAR does provide different types of termination for convenience clauses that at times seem to reflect considerations related to certain forms of contracts. As we noted, though, FAR 12.301, which describes when the contracting officer . . . This FAR 52.212-4, and it doesn't say that it can only be used in a specific type of contract. But it does refer to commercial items contracts. It does refer in that FAR section. And then you've got FAR 52.249-4 that talks about inserting these kinds of clauses in service contracts. So I guess my point is, why shouldn't we take FAR at face value and say some of these relate to commercial items contracts, some of them relate to service contracts, but you can't just mix them up whenever you want to? Well, the plaintiff did not make an argument below stating that a FAR provision like 52.212-4 could not be . . . that there was a specific reason it could not be used in this context. In fact, I want to correct . . . Yes, Your Honor. So that is the specific reason. So I think they did argue the specific reason. Well, I think our position is that inapplicable and irrelevant are not reasons to excise a term out of a contract that both parties have signed. Well, it's not a matter of excising it out. It's just a matter of you included a term that wasn't relevant to the contract. I mean, it's not a matter of excising it out. It just doesn't apply to this particular contract. Now, maybe you incorporate this in as a matter of standard course in every contract, but when you go on and detail that only services are being provided, you understand? I mean, a lot of these government contracts that I've seen, my God, they just incorporate the entire FAR. It's like almost without regard for what the provision covers. So why isn't it reasonable to say you incorporated this in to the extent that this contract was going to exist or be expanded to cover commercial items, this provision would then apply, but to the extent it is applying to services as opposed to goods, this provision is not going to apply. Well, number one, the only time we've seen an analysis of that nature occur is when a plaintiff has alleged a deviation. And no allegation of a deviation was made here until the reply read before this court. It was not something that the trial court had before it to consider. The plaintiff has not demonstrated that a deviation is something that occurred in this case. In fact, we did not dispute for purposes of a motion for summary judgment the plaintiff's statement that the contract was not for commercial items and was instead for services. However, we don't want the court to think that it's impossible that this is a commercial items contract. If you look at FAR 2.101, the definition of commercial items includes services in certain circumstances. So there would be a factual issue that the plaintiff did not provide a dispute as to material facts. Well, that's a basis for a request for a remand if we think summary judgment was wrong, but that's not a basis for us to affirm summary judgment. I'm only intending to point out that the plaintiff didn't raise a dispute as to material facts with regard to whether this was or was not a commercial items contract because it did not describe, it did not show why FAR 2.101 would not have been applicable. JKD did not provide facts. It would demonstrate, for example... Well, what did the government show to prove that it would be applicable? We did not... Well, it was something that the plaintiff raised in their response to our motion for summary judgment, and for purposes of the motion for summary judgment, we did not get into that question to create a dispute, a potential dispute, because it's not a material fact. So you want us to proceed on the assumption that this is not a commercial items contract regardless of what it says? We did not dispute that statement by JKD. Okay, so we're supposed to assume it's a services contract, not a commercial items contract. That's my understanding. That is what the trial court stated, that it understood the provision to be for a different type of contract based on what it had before it in the briefing on summary judgment. However... Let's talk about what happened here, because what concerns me is our government as a major source of contracts and how it deals with the public. So it's clear and not disputed that the government and this contractor entered into a deal in writing to provide a given amount of services. Let's set aside whether the services are a commodity or something else. Let's set aside whether the government put the wrong FAR clause as the contractor. So the government, for the first year, does not do what it had promised to do, which was to order a certain amount of coursework. And as to what happened, what debate went on, the record says that apparently the contractor argued with the government throughout all of this. Government doesn't say it's terminating for convenience, so they just proceed. They say, all right, let's go on with the next year. They have an option to do so. They don't fulfill their obligation. It's not disputed. They don't fulfill the obligation. It's not until several years after this debate has been continuing that the government says, well, we always have the right to terminate for convenience. So that's what we did five years ago. We did it again four years ago. We did it again three years ago. Therefore, you are entitled, from the government's brief, I gather it's not disputed, to whatever damages we can figure out for termination for convenience. But you're not entitled to your lost profits. You're not entitled to your expectations. If this were any entity but the government, that argument would be a joke. There was a deal, a firm deal. It wasn't fulfilled. It was breached. It's agreed. We have, years later, a retrospective excuse that applies only to the government, that if we have a contract, we get a better deal. We use our own teachers, so why should we pay you? And that was what happened. None of this seems to be disputed as to what happened. Now the problem for me is to what extent does the government get some kind of benevolence in its contracting interactions that the rest of the world would never be entitled to because it's the government. We know the provision for terminating for convenience, I personally feel, is quite an excellent concept because often contracts need to be terminated, circumstances change, and so on. But in terms of obligation and the entitlement of this contractor having been ready and willing to perform, and the performance just wasn't order, where do we draw the line as to how the government, when we have case after case after case, which says the government deals with the public like any other contractor, and I think the reason for that is because that's sort of what the world knows. And rather than to read the however many pages of the volume that they are, they provide, and since the government depends so heavily on the private sector to contribute all sorts of services, why should we say, all right, five years later you can create an excuse for why you didn't take all of the product you contracted for. If they had terminated after the first year, I would see it quite differently, but they didn't, or after the second year. They didn't come up with this until the debate got to be in the hands of the experts like you guys. Well, Your Honor, I'll note that we do dispute a number of the points that Your Honor has raised, and I think that the court has not required the court to determine whether there actually was a breach of the task orders, and the court has concluded after our motion to dismiss that the task orders were ambiguous, so there hasn't been any conclusion related to what the government did. But doesn't constructive determination require a conclusion that there has been a breach? No, Your Honor. Constructive, when we're talking about constructive determination after the fact, it's really only that the government doesn't have to pay for its breach, not that there's no breach. No, Your Honor, as I understand it, there is an excuse for the action. There is something that the government could, as pointed out in College Point Boat Corp, there was a legal excuse for non-performance by the government at the time of the actions alleged to be a breach, so the court doesn't have to get to the question of whether those actions were a breach. But the legal excuse here was that we just didn't feel like buying what we purchased. Well, actually, I will note that the plaintiff did not raise the issue of these courses not having been ordered within the first ordering period. Moving on to the second ordering period, it was quite some time before the plaintiff raised the question of, you know, hey, you haven't been scheduling these courses that we believe are ordered through the task orders. And we argued below that the task orders do not order 14 courses, that certainly there are ambiguities, which the court below noted. Well, that means they're material issues of theft. No, Your Honor, because the court below did not need to reach the question of whether there was a breach. Simply, at the time of the actions, there was a legal excuse for the actions that were taken, which is that— We've said legal justification, not excuse. Right. We've never said, is there an excuse? It's a justifiable cause, as described in Nesbitt. For the government's action, there is a—as College Point Boat said, a legal excuse for non-performance by the party who is sued for breach. But—so we said that constructively, the clause—we allow the clause termination of convenience after the fact to justify the government's actions so as to limit its liability. Correct, Your Honor. But there still has to be a justifiable cause in the first instance. The justifiable cause is that there is a termination for convenience clause, which could have been relied on. Well, it could have been relied on, and you could have followed the requirements to do it in writing. This is constructive termination, which is a totally different construct. Can I ask a related question? Under constructive termination for convenience, doesn't that limit JKB to some certain damages like convenience cost or something like that? That's correct, Your Honor. And is it correct that they didn't plead any such damages? So could summary judgment have been granted on the theory that they failed to plead actual damages that they're entitled to under the theory? I believe the trial court did note that the plaintiff had not provided evidence of termination for convenience costs. Not just evidence. Did they even plead them? No, Your Honor. So they didn't even plead that they had convenience-related termination costs or whatever. So how does that impact this case? Well, Your Honor, the NIC, I'm coming close to running out of time, but I'd like to answer your question. JKB did, as JKB's counsel noted, allege that it had lost profits. Well, were there to be, well, actually, I would like to make one point that the plaintiff, JKB's counsel noted that, said that there was no termination for convenience clause that would apply, were this one to be found to be inapplicable, which we don't believe is the proper standard here, and is waived. But plaintiff said on pages 13 to 14 of their appellate brief that FAR 52.249-4 would be the applicable termination for convenience clause, and wanted to make that clear. But that wasn't incorporated in the contract. Correct, Your Honor, but if this court were to conclude that somehow that this was an inapplicable provision, the Christian doctrine is something that we would, in our brief requested that the court remand to allow a consideration of whether, as JKB has argued, FAR 52.249-4 should be incorporated. What were the changed circumstances here that would allow you to shift the risk of not using these services to the contractor, which is required, right, under our case law? We disagree that they are required. The court's Krogowski decision said that that standard that was described in the standard that the court is applying now. It stated that the standard that should apply to determine whether a contractor can bring a breach claim is the CalVar standard of whether there's been bad faith or abusive discretion. And the main point of our motion for summary judgment is that the plaintiff did not provide any evidence of bad faith or abusive discretion in the statement now. JKB's counsel's statement that there was bad faith is something that was never. I just want to move you back for one more second to this idea. So 52.212 includes a termination for convenience, but the title limits it to commercial items. 52.249-4 is an express termination of convenience for services contracts, right? That's right. So do you agree that 52.212-4 and its particular termination of convenience doesn't apply to this case because this is not a goods contract? It is, in fact, a services contract? No, Your Honor. Our argument is that FAR 52.2124 is what is incorporated in the contract, is on the first draft of the solicitation that the plaintiff signed. There was no argument below that explained why a purportedly inapplicable contract term should be simply excised and ignored as superfluous. Well, it should be ignored if it's inapplicable. I mean, I think that's kind of plain on its face. But I guess my question to you is, what is your best argument? Because, look, the government drafted the solicitation and the government drafted the discontinuities or problems against the drafter. So what is your best argument for why 52.212, which expressly by its title suggests it's applicable to commercial items, and in light of the fact that there is a different FAR that is expressly extending a termination of convenience for services, what is your best argument for why 52.212-4 should nonetheless apply to this contract even though it seems to be a pure services contract? Well, number one, that the plaintiff hasn't demonstrated that it's a pure services contract. This was not, though, something that was part of our motion for summary judgment. I just want to make sure, because I understand you've got a waiver argument. It's not a bad argument, right? I do think you brought some stuff up on appeal that was not clearly brought up below. So your argument is well heard. But what he did bring up below was 52.212-4 does not apply and cannot be the basis for the government's termination for convenience because this is a services contract. That much he brought up below. So what is your argument for why that is incorrect? Because I understand that, by the way, I'll give you a minute. Don't worry about the time. I understand that even if this doesn't apply because of the existence of 249, you're entitled to a vacate remand if you're a Christian. I understand that argument very well. But what is your argument for why it's unnecessary for us to go to that step and why this provision, which purports to apply to goods or items, could nonetheless be applicable to what might be determined to be a pure services contract? He alleged as much. You didn't put that in dispute below. This is summary judgment. I've got to accept his representation. So what would you say? I would say the simple fact that the argument that a provision, a contract term, is inapplicable simply based on a heading is not enough to show that a party is not bound when it signed a contract including that term. The only argument that seems to possibly fit the situation would be the one not made until the appellant's reply brief here about a deviation. So your view is even if on the face of the language of the FAR it doesn't apply to a particular contract, the fact that the contract included the language nonetheless and the person signed means all of its subsections do in fact apply even though on its face it appears not to apply? That's correct, Your Honor. So what if in somebody's employment scenario it said something like, you know, this provision applies only to provisional employees or employees during a provisional period or something, right? Something like that. But it was in the person's employment contract. Do you think it then applies to them even outside their provisional period? I'm just wondering. You know, there are lots of contracts which might incorporate items that end up not applying and I will tell you I've definitely seen government contracts which incorporate FAR provisions, like hundreds of them, you know, and probably there may be some argument that not all of them completely apply to the particular goods or services at issue. You know what I mean? Sometimes the government sweeps a lot into these contracts. So I'm just wondering, is there something about commercial items? Is there somewhere in 212-4 that mentions services as opposed to goods? Is there something in the definitional section elsewhere in the FAR that helps you here? Is there anything you can point to that helps me understand why this should apply? Well, I'll start just by saying that the question of whether an issue of an inclusion of a particular clause is a deviation requires, as they've known in their reply brief, the FAR notes that such use must be inconsistent with the intent, principle, or substance of the prescription or related coverage on the subject matter in the FAR. Our argument was that the use of FAR 5212-4 was not inconsistent with FAR 12-301, which only states that 5212-4 should be inserted in certain circumstances. It doesn't say it can only be inserted in certain circumstances. We're just going to take this as a teaching moment. I was kind of hoping you were going to point to the second sentence of 52.212-4 or maybe many other sentences which expressly mention services. So I was kind of hoping what you were going to argue instead was, even though it says commercial items, the FAR on its face is not limited to goods because in various places in the FAR it mentions services, which means it must have been contemplated to be potentially applicable to a service contract. Is that a reasonable response? Yes, Your Honor, because FAR Section 2.101, as I think we noted, defines commercial item and it includes within the definition certain services. What does that mean? What kinds of services? An example are services of a type offered and sold competitively in substantial quantities in the commercial marketplace based on established catalog or market prices. Would this fall within that definition? Well, it doesn't seem like it would. I'm just kind of throwing it out there. That's, I think, a question that the agency considered and it's something that if— It would be one of those back things we would need to send back if we had that problem with. Correct. All right. Okay. Thank you. Obviously, we dug in quite deep in this case and I appreciate your help. So let me let Mr. Lascara have his rebuttal time and restore his full six minutes because he certainly went over with the government. Thank you. Thank you, Your Honor. The questions that were posed with regard to how 52.212-4 could possibly apply I think are very appropriate. We point out in the briefs that the services that were procured here under don't even come close to constituting commercial items. There were no items, first of all. But second of all, there is nothing commercial about teaching government employees government regulations that they will utilize as government contracting officers to procure goods for the government. And so there weren't any items. It has nothing to do with commercial. And it is clear that this all came up after we filed our lawsuit in the Court of Claims. And no one had, they had not addressed this at all. And as a part of that process, it was raised and they suggested they were going to file under the Christian doctrine. But then, and this is all in the record, they claimed that they found this commercial items belatedly, they claimed, during the case. So there's nothing in our complaint about this because they never even said boo about this clause in the termination for convenience until well after the case was filed and we were moving down the road to discovery. We still had four, five, six months worth of discovery left in the schedule when they raised this and said they were going to file under the Christian doctrine. And then they came up and said, oops, we found a termination for convenience clause in the contract. Everyone agrees, the court below, the government, JKB, agrees that you can't terminate for convenience unless there is a clause in the contract saying that. It is a… Well, everyone doesn't agree that that's true. The Christian doctrine and the government's arguments to the contrary would certainly not be consistent with what you just said. Your Honor, we, on page 27, 28 of our rebuttal brief, we state under the Christian doctrine the contract clause may be read into a contract under circumstances if there was legal requirement that the contract contain such a clause. That is your assertion in your rebuttal. You said everyone here agrees that there can't be a clause unless it's in the contract. The government does not agree with that. I mean, am I wrong? Nod yes or no. No, the government does not agree with that. I understood her argument very clearly being that if we disagree, we should vacate remand for the lower court to analyze this under Christian. Understood, Your Honor. With regard to the existence of the clause that they rely upon, we also raise the argument that if it's a mutual mistake, then reformation would be appropriate and we would be entitled to damages. And here, there's absolutely, in my assessment based upon what we have presented, there's no way that this clause could be applicable as a commercial items clause to a services contract. And even if it were considered a mutual mistake under the laws we cite in our briefing, that would still entitle us to reformation and damages. What do we do with the fact that you signed a contract indicating that this clause governs in the contract? What do we do with that fact? I mean, you signed a contract that was titled, Order for Commercial Items, and then one of the two FAR provisions on this page two of the contract that are incorporated by reference, one of them is this one, which pertains to commercial items. I understand all of your arguments about why these are services, not items, but what do we do with the fact that you had a contract in front of you that very clearly incorporated this particular provision with specificity and you signed it saying it applies? Your Honor, I think it's a fair question. I do think that, first of all, the contract, they are the drafter of the contract and it should be construed against them, but also they can't unilaterally rewrite the contract. We're not rewriting it. It says what it says and you signed it. Right, but they are, to the extent that they are having this clause that clearly is limited to application on commercial items applied to services, is rewriting the contract. Because while that contract was in there, I mean that provision was in the contract when we signed it, it doesn't say that they're entitled to that same relief for services that we provide. And again, it can be considered a nullity because it's inapplicable. It just doesn't apply. It's in the contract, but it has no force in effect. If it applies, there's also a provision that says it has to be done in writing, right? Yes. So, there are any number of reasons that the decision below in which the judge simply said, well, it doesn't necessarily indicate that it applies in this situation, but there's nothing here that says it doesn't apply. And I think there are lots of reasons it doesn't apply as it relates to the application of termination for convenience under the law. And so, we would ask that the summary judgment granted against us be undone and be sent back to the court so that we can finalize the rest of the case or discovery. Okay. I thank both counsel. This case is taken under submission.